United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 19-15603-elf
Geraldine Perry                                                       Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: Linda            Page 1 of 1              Date Rcvd: Sep 16, 2019
                            Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 18, 2019.
db            +Geraldine Perry,    7319 N. Bouvier Street,    Philadelphia, PA 19126-1536

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 18, 2019                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 16, 2019 at the address(es) listed below:
              ANNE M. AARONSON    on behalf of Creditor    POLICE AND FIRE FEDERAL CREDIT UNION
               aaaronson@dilworthlaw.com,
               mdolan@dilworthlaw.com;cchapman-tomlin@dilworthlaw.com;mferrier@dilworthlaw.com
              BRAD J. SADEK    on behalf of Debtor Geraldine   Perry brad@sadeklaw.com,   bradsadek@gmail.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

Geraldine Perry,

Debtor.

CASE NO. 19-15603 (ELF)

Chapter 13

**STIPULATION AND CONSENT ORDER FOR ADEQUATE PROTECTION**

WHEREAS on September 9, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

WHEREAS prior to the Petition Date, on June 2, 2016, the Debtor entered into a Pennsylvania Motor Vehicle Installment Sale Contract and Security Agreement (the "Financing") with PFFCU pursuant to which PFFCU financed the Debtor's purchase of a 2014 Nissan Murano, VIN JN8AZ1MW4EW510293 (the "Vehicle") in the amount of $33,469.71 (the "Loan");

WHEREAS PFFCU holds a valid and enforceable security interest in the Vehicle;

WHEREAS, the Debtor is required to make monthly payments in the amount of $505.21 to PFFCU pursuant to the Financing;

WHEREAS, prior to the Petition Date, the Debtor failed to make monthly payments to PFFCU as required by the Financing and the Debtor's account was in arrears as of the Petition Date for the months of July and August of 2019 in the total amount of $1,010.42;

WHEREAS, on August 31, 2019, PFFCU repossessed the Vehicle and has been storing the Vehicle since that date;

121097198_1

WHEREAS, on the Petition Date, the Debtor made a demand for the turnover of the Vehicle;

WHEREAS, the Debtor is proposing the make payments directly to PFFCU pursuant to the terms of the Financing post-petition beginning September 20, 2019;

WHEREAS, to avoid the costs of litigation the Parties have agreed to resolve the issues between them.

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, it is hereby agreed as follows:

1. Upon execution of this Agreement, the Debtor shall pay the repossession charge of $375 to PFFCU to obtain a release of the Vehicle and, upon receipt of such payment in immediately available funds, PFFCU shall provide the Debtor with the information necessary to retrieve the Vehicle.

2. The Debtor shall immediately resume payment to PFFCU pursuant to the terms of the Financing beginning with her payment that is due September 20, 2019 and shall maintain insurance coverage on the Vehicle, naming PFFCU as the title holder.

3. In addition to providing for the continuation of payments to PFFCU pursuant to the terms of the Financing, the Debtor shall include payment of her prepetition arrears in her Chapter 13 plan and, as a general unsecured claim, payment of the storage and transport fees incurred by PFFCU in the total prepetition amount of $110, subject to PFFCU including such fees in a timely filed proof of claim.

4. Should the Debtor fail to comply with any of the terms of this Stipulation, including the failure to make any of the above-described payments, then counsel for PFFCU may serve counsel to the Debtor and the Debtor with a notice of default and Debtor shall have ten

(10) days from the receipt thereof to cure the default in full or PFFCU may, without further notice, file a Certification of Default with the Court. Upon entry of the Certification of Default, the Court shall enter an order granting relief from the automatic stay as to the Vehicle.

5. By entering this stipulation, PFFCU does not admit or agree that the payments provided herein are sufficient to adequately protect its interests in the Vehicle. If the Debtor is unable to promptly confirm a Chapter 13 plan or cause exists at any time during this Chapter 13 case, PFFCU reserves the right to seek additional adequate protection of its interests.

6. Each of the signatories to this Stipulation acknowledges and represents that his or her respective client(s) have reviewed this Stipulation and have authorized the execution of same by their undersigned counsel.

7. If the instant bankruptcy case is dismissed or converted, this Stipulation shall be null and void, shall not be binding upon the Parties, and the Debtor's obligation to make payments pursuant to the terms of the Financing and to satisfy her arrears shall be immediately restored.

8. This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed originals.

9. The signature pages of this Stipulation may be executed in counterparts, and all such signature pages, when attached, shall constitute the entire document.

REMAINDER OF PAGE INTENTIONALLY BLANK

CONSENTED TO BY:

                                                DILWORTH PAXSON LLP

DATED: September 12, 2019     /s/ Anne M. Aaronson
                                                Anne M. Aaronson, Esquire
                                                *Attorney for PFFCU*

CONSENTED TO BY:

                                                SADEK & COOPER

DATED: September 12, 2019     /s/

                                                *Attorney for Debtor*

Matthew Lazarus

# O R D E R

The foregoing Stipulation is **APPROVED**.

Date: 9/13/19

                                        **ERIC L. FRANK**
                                        **U.S. BANKRUPTCY JUDGE**

4

121097198_1